HELEN CUYLER AS ADMINISTRATRIX, ETC., RESPONDENT, *v.* NICHOLAS H. DECKER, APPELLANT.

*Negligence — when one placed in imminent peril is not liable for an error of judgment — Res gestæ — what evidence admissible as part of.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought by the plaintiff as administratrix to recover the damages given by the statute to the widow and next of kin of her intestate, whose death was alleged to have been caused by the negligence of the defendant's servant.

The defendant, at the time of the occurrence which caused the death of the plaintiff's intestate, was managing and conducting, on his own account, a horse-railroad ; in which management and conduct he became and was a common-carrier of passengers for hire. This road crossed a railroad operated by steam power at a point near the village of Gloversville ; the tracks of both at this place being on the same grade. At the time of the accident the deceased was a passenger in one of the defendant's cars, and when very near or upon the crossing, a locomotive, with a train attached, was heard and seen approaching on the railroad. A collision seemed to be inevitable, and was in fact imminent ; whereupon the deceased sprang from the car in which he had been seated, and fell or was thrown between the lines of the road-track, where he was struck by the locomotive and killed.

The court, at General Term, said : " The evidence was abundant to raise a question of fact for the jury, as to the negligence of the driver in charge of the defendant's car. The jury were well authorized to find, from the proof submitted, that the driver carelessly, not to say recklessly, placed his passengers in a position of imminent peril. There was evidence tending to show that the railroad employees gave the usual signals of warning as the engine and train approached the crossing ; notwithstanding which, and without exercising even ordinary caution in making observation himself, as he should have done, the driver of the horse-car continued on heedless of the danger he incurred."

" It is not claimed in the brief and points of the defendant's counsel that a proper case was not made for the jury on this branch of the case. But it is insisted that the deceased lost his life by reason of his own carelessness and improper action in springing from the car ; that had he remained seated he would not have been injured. It seemed that he erred in judgment and made a fatal mistake in jumping from the car. He was not, however, bound to the exercise of any better judgment or greater degree of caution than would be required of a prudent man when placed in a

similar condition of peril, and it was held to be a sound rule of law, applicable to such cases, that an instinctive effort to escape a sudden impending danger, resulting from the negligence of another, will not relieve the latter from liability, and that delay in an effort to escape, until the exact nature and measure of danger was ascertained, would not be required. (*Coulter* v. *The Am. M. U. Ex. Co.*, 56 N. Y., 585.) This sound principle has been recognized and reiterated in many cases. (*Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y., 314; *Twomley* v. *The C. P. N. and E. R. R. R. Co.*, 69 id., 158; *Dyer* v. *E. R. R. Co.*, 71 id., 228; *Voak* v. *The N. C. R. R. Co.*, 7 Wkly. Dig., 416.) That the party makes a mistake, and would have escaped injury had he remained quiet, will not bar his action. (See above cases.) The question is whether his action was in accordance with common prudence, considered with reference to the circumstances of peril with which he was surrounded, and, as was said in one of the cases cited, the danger being imminent, the law does not demand that accuracy of judgment which would be required under other circumstances. The case was, very properly, for the jury on the proof, and the rules of law, applicable to it, were clearly and correctly stated by the court in the charge. 　 *　 *

" The plaintiff was allowed to show, against objection, that there was a good deal of conversation among the passengers in the horse-car at the time of the accident. The evidence was competent as a part of the history of the occurrence. So it was held in *Twomley* v. *The C. P. N. and E. R. R. R. Co.* (69 N. Y., 158) that evidence of the action of the other passengers was competent as part of the *res gestœ*, and as evidence of what was deemed prudent by others in the same situation. The evidence was competent and was properly admitted."

*Larned, Warren & Ethridge*, for the appellant. *Dudley, Dennison & Dudley*, for the respondent.

Opinion by Bockes, J. ; Learned, P. J., and Boardman, J., concurred.

Order affirmed, with costs.